**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**



JAN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Valley Capital Bank, N.A., a National Association, <br><br>         Plaintiff - Appellee, <br><br>   v. <br><br> FRANK D. ORTWINE; POLLY ANN ORTWINE, husband and wife; INTERBANC INVESTMENT PARTNERS, L.P., an Arizona limited partnership, <br><br>         Defendants - Appellants. | No. 13-15636 <br><br> D.C. No. 2:10-cv-01178-GMS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 16, 2015[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, RAWLINSON, and DAVIS,[***] Circuit Judges.

Appellant Frank Ortwine (Ortwine) appeals from a judgment of the district court, following a bench trial, finding him liable for breach of a loan agreement.

Ortwine asserts that the district court violated Arizona's parol evidence rule by considering extrinsic evidence to alter and modify the terms of a general release provision included in his severance agreement. Ortwine posits that the general release's phrase "including, but not limited to," was rendered meaningless by the district court's conclusion that the parties intended for the provision to release them only from employment-related claims. Ortwine's claim lacks merit.

Under Arizona law, a court initially "considers all of the proffered evidence to determine its relevance to the parties' intent . . ." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139 (Ariz. 1993). It is only after the parties' intent is ascertained that the court excludes "evidence that contradicts or varies the meaning of the agreement. . . ." *Id*. (citation omitted).

The extrinsic evidence demonstrated the parties' intent that the general release apply only to any employment-related claims. Importantly, the bank could

---

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

not legally release Ortwine from the loan without approval from the Office of the Comptroller of the Currency. In addition, Ortwine acknowledged that the actual severance agreement never referenced the loan. Further, the Chief Credit Officer and the Chief Operating Officer of the lending bank both testified that they did not promise Ortwine that he would be relieved from his obligation to repay the loan. Most telling was Ortwine's subsequent conduct. After several demands for payment from the bank, Ortwine never expressed his belief that he was relieved from paying the loan. To the contrary, he actually acknowledged his delinquency, and told the bank's then-President that he was "working on it."

The evidence considered by the court did not vary or contradict the severance agreement's general release provision. Rather, the evidence elucidated the intention of the parties to limit the general release to employment claims. The district court committed no error in considering this evidence. *See id.* (explaining that if the contract language is "reasonably susceptible" to the interpretation suggested by the extrinsic evidence, the evidence is admissible to determine the parties' intended meaning).

**AFFIRMED.**